## Magee's Estate.

*Wills—Direction as to payment of taxes—Collateral tax—Federal succession tax.*

Where a testator gives a stated sum of money to his executors to invest the same and pay over the income thereof to a legatee named, and further directs that "all taxes, federal and state, upon the bequests made shall be paid out of my estate, and not deducted from such bequests," all present taxes such as the federal succession tax and state collateral inheritance tax are to be paid out of the estate, but the will does not intend that a sum over and above the amount of the legacy shall be set apart to provide an income from which future taxes such as that on "money at interest" shall be paid.

Argued Nov. 7, 1902.   Appeal, No. 191, Oct. T., 1902, by Union Trust Company, trustee, and William Addison Magee, from decree of O. C. Allegheny Co., May T., 1902, No. 17, dismissing exceptions to adjudication in estate of Christopher L. Magee, deceased.   Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Exceptions to adjudication.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree dismissing exceptions to adjudication.

*W. A. Magee*, with him *Charles A. Fagan*, for appellant, cited: Eyre v. Golding, 5 Binney, 472 ; Spangler's Est., 9 W. & S. 135 ; Penna. Co.'s App., 41 Legal Int. 26 ; Flickwir's Est., 136 Pa. 374.

*William D. Evans*, with him *George C. Wilson*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, January 5, 1903 :

The testator left various sums in trust for life, etc., as legacies, and further directed that "all taxes, federal and state, upon the bequests made and legacies created in my will, and the codicils thereto, shall be paid out of my estate, and not deducted from such bequests or legacies."

The executors paid the federal succession tax and the collateral inheritance tax upon the legacies involved in these appeals out of the corpus of the estate and paid the amount of the legacies in full to the trustees for the proper parties, but the legatees demand that an additional sum be paid over or set apart to the trustees sufficient to pay the state or other taxes accruing hereafter on the legacies as "money at interest."

The words of the will are "I give and bequeath to my executor . . . . the sum of fifty thousand dollars in trust that it do and shall invest the same, and pay over the income thereof to 'W. A. M.," etc., and the theory of appellant's claim is that the corpus of the legacy is not the sum named in gross but the income and that the latter must therefore be protected from diminution by taxes during the whole period of the trust. But this is a very strained construction, not within the natural meaning of the words or any apparent intent of the testator. The thing given was the definite sum named. That was the legacy on which the taxes were to be paid out of the estate, and which was to be paid over in full without deduction. What the testator says about income is not by way of gift but by way of direction to the trustee what to do with the gift. He did not give whatever money might be necessary to produce a definite income, free from deduction for taxes, but a definite sum free from deductions at the time of payment, but necessarily contingent as to income upon the rate of interest obtainable and the taxes that may or may not be imposed on the investment. These the testator could not anticipate with any certainty and his will shows no intention to provide for.

Decree affirmed.